UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

**CYNTHIA POLIDORE,**      **CIVIL ACTION NO. 08-955**
**ON BEHALF OF DP**

**VERSUS**      **JUDGE DOHERTY**

**MICHAEL ASTRUE,**      **MAGISTRATE JUDGE HANNA**
**COMMISSIONER OF SOCIAL**
**SECURITY**

*REPORT AND RECOMMENDATION*

Before the court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the briefs of the parties, and the applicable law, it is recommended that the Commissioner's decision be **AFFIRMED** and the case **DISMISSED**.

*Background and the Commissioner's Findings*

On March 12, 2007, an application for supplemental security benefits was filed on behalf of the minor child DP.  (R58).  DP was born on July 6, 2003, and was four years old on the dates of the hearing and decision of the ALJ in January, 2008. (R22, 29). Disability was alleged due to attention deficit hyperactivity disorder (ADHD). (R62).  DP testified at the hearing, as did his grandmother, Cynthia Polidore.  (R26).  DP was not represented, and his grandmother declined representation at the hearing.  (R29).

In the Decision, the ALJ found DP was an older infant on March 12, 2007, the date the application was filed, and at the time of the hearing and decision, DP was a

preschooler. (R15). At the second step of the analysis, the ALJ found DP had the severe impairment of attention deficit hyperactivity disorder. (R15). At the third step, the ALJ found DP's impairment did not meet or medically equal any listed impairment, nor did it functionally equal any listed impairment. (R15). Therefore, the ALJ found DP had not been disabled from the date of filing, March 12, 2007, through the date of the Decision, January 25, 2008. (R22). This appeal followed.

### *Assignment of Errors*

On appeal, claimant is represented by counsel. As error, counsel argues the ALJ failed to develop the record, and the ALJ's decision is not supported by substantial evidence of record.

### *Standard of Review*

The court's review is restricted under 42 U.S.C. §405(g) to two inquiries: (1) whether the Commissioner's decision is supported by substantial evidence in the record; and (2) whether the decision comports with relevant legal standards. Carey v. Apfel, 230 F.3d 131, 136 (5th Cir. 2000); Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir.1992); Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Carey, 230 F.3d at 136; Anthony, 954 F.2d at 292; Carrier v. Sullivan, 944 F.2d 243, 245 (5th Cir. 1991). The court may not reweigh the evidence in the record, nor substitute its judgment for that of the Commissioner, even if the preponderance of the evidence does

not support the Commissioner's conclusion.  <u>Carey</u>, 230 F.3d at 136; <u>Johnson v. Bowen</u>, 864 F.2d 340, 343 (5th Cir.1988).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision.  <u>Johnson</u>, 864 F.2d at 343.

*Childhood Disability Benefits*

An individual under age 18 may be found disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §1382c(a)(3)(C)(i).

The regulations provide a three-step sequential evaluation process for determining whether a child's impairments result in "marked and severe limitations."  First, if the child is engaging in "substantial gainful activity," the child will be found not disabled regardless of medical condition or age, education, or work experience.  20 C.F.R. §416.924(b).  Second, the child must have a severe impairment or impairments.  If the child suffers from a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations, the child will be considered to have no severe impairment, and therefore to be not disabled.  20 C.F.R. §416.924(c).  Third, the child will be considered disabled if his or her impairment(s) meet, medically equal, or functionally equal in severity, a listed impairment in Appendix 1 of Subpart P of Part 404

of the chapter. If a child's impairments do not meet or medically equal a listed impairment, the Commissioner will assess all functional limitations caused by the child's impairments to determine whether the functional limitations are disabling. 20 C.F.R. §§ 416.926a (functional equivalence for children).

## *Argument and Discussion*

<u>Did the ALJ adequately develop the record?</u>

DP argues the record was not adequately developed as medical records from Iberia Comprehensive Community Health (ICC) and Iberia Medical Center hospital were not obtained, although the Commissioner was informed of their existence.[1] DP also complains he did not receive an adequate hearing, as the hearing only lasted four minutes, and DP's caretaker, his grandmother, was only asked seven questions.[2]

An ALJ has a special duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." <u>James v. Bowen</u>, 793 F.2d 702, 704 (5th Cir. 1986), citing <u>Kane v. Heckler</u>, 731 F.2d 1216, 1219 (5th Cir. 1984). However, even if the ALJ does not adequately develop the record, a claimant must show that he was prejudiced by the failure, by showing that he "could and would have adduced evidence that might have altered the result." <u>Brock v. Chater</u>, 84 F.3d 726, 728, 729 (5th Cir. 1996), citing <u>Kane v. Heckler</u>, 731 F.2d at 1220.

---

[1] See *Brief in Support of the Plaintiff's Application for Social Security Benefits* (Rec. Doc. 11), p. 8, referencing "Disability Report - Appeal - Form SSA-3441(R70, 71).

[2] *Ibid.*

Claimant has made no showing, or even argued, the records from ICC or Iberia Medical Center could or would have altered the ALJ's findings.

The record shows DP was referred to ICC for a psychiatric evaluation for ADHD by his pediatrician at Pediatric Group of Acadiana on March 12, 2007, the alleged disability onset date. (R81, 80). There are no records from ICC in the record. However, a psychological evaluation was conducted by Henry J. LaGarde, Ph.D., on July 12, 2007, on request by disability determination services. (R82). In the evaluation, Dr. LaGarde reported DP had been diagnosed with ADHD, and prescribed Adderall. (R82). Dr. LaGarde also reported DP was hospitalized when he took a handful of the Adderall pills. (R82). Subsequently, Dr. LaGarde reports, DP's medication was changed to Metadate and Imipramine. (R82).

There is no argument made and no reason to believe the records from ICC or Iberia Medical Center hospital would lend any new relevant information that could, much less would, change the ALJ's finding. The diagnosis of ADHD and prescription of medication for same, as well as the overdose on Adderall and subsequent change of medication, are clearly documented in Dr. LaGarde's psychological evaluation and there is no indication ICC or Iberia Medical Center's records would contain any other relevant information.

While the claimant was unrepresented and the hearing only lasted four minutes, the record shows DP's grandmother, Ms. Polidore, was advised repeatedly both prior to and

5

at the hearing that a lawyer could be present, but declined same. (R29).  DP was present and testified during the hearing.  The ALJ questioned DP about his age, his grade, his activities at school, his friends, and whether he lived with his grandmother.  (R29, 30). During the hearing, the ALJ also questioned Ms. Polidore about DP's problems, his medications, his school performance, and his family.  (R30, 31). Prior to concluding the hearing, the ALJ specifically asked Ms. Polidore if there was anything she would like to add, and she said no.  (R31).   The claimant does not state what other questions the ALJ should have asked or what testimonial evidence would have been given that could or would have changed the ALJ's finding.

Therefore, the undersigned finds the ALJ adequately developed the record and this assignment of error is without merit.

<u>Was the ALJ's decision supported by substantial evidence of record</u>?

The undersigned also finds the ALJ's decision that DP's ADHD did not meet or equal or was not functionally equivalent to a listed impairment supported by substantial evidence of record.

In order to meet the relevant listing, 112.11, a child must have medically documented findings of marked inattention, impulsiveness, and hyperactivity.  The ALJ found there was no medical evidence that DP's inattention, impulsiveness and hyperactivity was marked.  (R15).  In the six domains of function, the ALJ found either less than marked impairments or no impairment at all.  (R17-22).

In his psychological evaluation, Dr. LaGarde noted DP's problems had decreased after medication, and noted "it is important to note that [DP's] young age indicates that aforementioned activities have a good chance of further improving as [DP] becomes older." (R83). Dr. LaGarde also stated "Please refer to the attached Multiaxial Report Form." (R84). Unfortunately, the Multiaxial Report Form attached is not DP's, but another person's, born on April 9, 1979. (R85). However, it does not appear that the Multiaxial Report Form would have yielded any information other than in the evaluation, as it appears to be simply a form outline of Axis I, II, III, VI, and Global Assessment of Functioning.

A Childhood Disability Evaluation Form was completed by a DDS examiner, Lawrence Guidry, Ph.D., on July 20, 2007, after reviewing Dr. LaGarge's psychological evaluation. (R87). Dr. Guidry found DP's ADHD was severe, but was not of listing severity. He assessed DP's domains of functioning as "less than marked" in acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for yourself. He found no limitations in the functional domains of moving about and manipulating objects, and health and physical well-being. (R89-90). There is no countervailing evidence of any kind in the record.

For the reasons given above, the undersigned finds the ALJ's decision was supported by substantial evidence of record.

***Conclusion and Recommendation***

7

For all the reasons given above, the undersigned finds the ALJ's decision that DP was not disabled, as defined in the Social Security Act, from March 12, 2007, through the date of the Decision on January 25, 2008, was made by proper application of relevant legal standards and was supported by substantial evidence.

Accordingly, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED** and the case be **DISMISSED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon**

**grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Signed in Lafayette, Louisiana, this 19th day of March, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)